WISCONSIN LAKES ICE & CARTAGE COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*February 8—March 5, 1918.*

*Workmen's compensation: Scale of compensation: Statutes: Construction.*

1. Under sub. (5) (e), sec. 2394—9, Stats. 1915, an employee whose injury resulted in a fracture of the tibia and a permanent impairment of the use of his ankle might be awarded compensation for temporary total disability during the healing period, as well as for the subsequent permanent partial disability, even though he would thereby receive a larger sum than could be allowed, under sub. (5)· (a) (28), sec. 2394—9, Stats. 1915, if he had lost his foot at the ankle.
2. Where the written law is plain, there is no room for construction even if results do not seem to be in accordance with exact justice.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

One *August Pankonen* was injured in his foot while in the employ of the *Wisconsin Lakes Ice & Cartage Company,* which company was insured against loss by the *Wisconsin Employers Exchange.* The injury resulted in a fracture of the tibia and a permanent impairment of the use of the ankle. Both employer and employee were under the provisions of the Workmen's Compensation Act. The *Industrial Com-*

*mission* allowed the employee sixty-two weeks' and two days' compensation for his temporary total disability and sixty per cent. of the compensation.for loss of a foot at the ankle joint, less ten per cent. on account of the employee's age, for his permanent disability. This resulted in a total allowance for a period of 134 weeks and two days; or for fourteen weeks and two days more, it is claimed by the appellants, than could have been allowed under the schedule in sub. (5) (a) (28), sec. 2394—9, Stats. 1915, which provides for a compensation for 120 weeks for the loss of the foot at the ankle; and because of such alleged excess allowance the employer and insurance company appealed from the judgment of the circuit court affirming the award of the *Industrial Commission.*

For the appellants there were briefs by *Otjen & Otjen* of Milwaukee, and oral argument by *Henry H. Otjen.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

VINJE, J. The appellants claim that the *Industrial Commission* could not extend the period of compensation, including the healing period and permanent disability, beyond the period of 120 weeks allowed for a severance of the foot at the ankle; that it could not have been the intent of the legislature to allow more for a lesser than for a greater injury, and that the first sentence of sub. (5) (e), sec. 2394—9, Stats. 1915, is intended to limit the total compensation that can be awarded and the second sentence only specifies how it shall be computed. Both respondents and appellants agree that the injury comes under said sub. (5) (e), which reads:

"For all other injuries to the members of the body or its faculties which are specified in the foregoing schedule resulting in permanent disability, though the member be not actually severed or the faculty be totally lost, compensation shall bear such relation to that named in the schedule as the dis-

abilities bear to those produced by the injuries named in the schedule. Indemnity in such cases shall be determined by allowing weekly indemnity during the healing period resulting from the injury and the percentage of permanent disability resulting thereafter as found by the commission."

But the respondents claim that where there is a total loss of a member compensation can be made for a healing period as well as for the period specified in the schedule and this is now embodied in the law of 1917 (ch. 624), which provides a schedule including a healing period and permanent disability and allows for both compensation for 180 weeks for loss of a foot at the ankle. It is said the change was made to relieve the *Commission* from fixing a healing period in each case, as this was usually a disputed issue, and that under the present law, unless the employee can come in under sub. (5)(b), the whole healing period is included in the statutory schedule. Be this as it may, we agree with the trial court in its construction, saying:

"The last sentence of sub. (5)(e) provides that 'Indemnity in such cases shall be determined by allowing weekly indemnity during the healing period resulting from the injury and the percentage of permanent disability resulting thereafter as found by the commission.' The *Commission* have followed this provision literally in making the award here in question. The first sentence of this subdivision applies only to the compensation that shall be allowed for permanent disability and in no way affects the allowance that may be made for the healing period which must precede the time when permanent disability begins."

When the written law is plain there is no room for construction even if results do not seem to be in accordance with exact justice. *Mellen L. Co. v. Industrial Comm.* 154 Wis. 114, 142 N. W. 187. If under the law of 1915 a healing period can be allowed for in addition to the schedule period in case of a total loss of a member, no injustice results; if not, it would seem that generally no greater sum should be

allowed for an injury where a member is retained than where it is severed. But that is, within reasonable limits, purely a legislative question. Courts are bound by a plain constitutional statute.

*By the Court.*—Judgment affirmed.

OWEN, J., took no part.